DECISION AND JUDGMENT ENTRY
This case is on appeal from the February 22, 2000 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Michelle Golladay, following her conviction on various charges. On appeal, appellant asserts the following assignments of error:
 "Defendant's Appellant's Sentences Are Not Supported by the Record.
 "The Trial Court Erred When it Ordered the Defendant-Appellant to Pay Court-appointed Counsel's Fees."
Appellant pled guilty and was convicted in Case No. CR99-1758 of grand theft (a violation of R.C. 2913.02(A)(3) and (B)) and misuse of a credit card (a violation of R.C. 2913.21(B)(2)), both felonies of the fourth degree. In Case No. CR99-2902, appellant pled guilty and was convicted of escape (a violation of R.C. 2921.34(A)(1)(C)(2)(b), a third degree felony. In Case No. CR00-1104 appellant pled guilty and was convicted of grand theft (a violation of R.C. 2913.02(A)(3) and a felony of the fourth degree), felonious assault (a violation of R.C. 2911.02(A)(3) and a felony of the first degree), and vandalism (a violation of R.C.2909.05(B)(2)(e) and a felony of the fifth degree). Appellant was sentenced to three years incarceration for the escape conviction and to the maximum prison term for the remainder of the convictions. All of the sentences were to be served concurrently. Further, all these sentences were to be served consecutively with the sentence imposed in Case No. CR97-3435. Appellant's original sentence of one year of imprisonment for a theft conviction in that case was reimposed because appellant admitted that her conduct which led to the recent three cases was a violation of the terms of her community control and probation restrictions. Appellant was also ordered to pay any fees associated with the appointment of legal counsel in all of the cases.
Appellant argues in her first assignment of error that the trial court failed to comply with the statutory mandates of R.C. 2929.12, 2929.14, and 2929.19 because the sentences imposed are not supported by clear and convincing evidence. More specifically, she argues that the trial court should not have imposed the maximum prison terms in her cases because the court failed to properly consider the factors of R.C. 2929.12 and because the sentences do not further the purposes of felony sentencing as stated in R.C. 2929.11. She argues that no one was physically harmed by her actions, the offenses took place over a two-year period, appellant is an educated person who was attempting to provide for her children, appellant's family supported her and had changed her life during the pendency of the proceedings, and appellant had been rehabilitated during the pendency of the proceedings.
A prison sentence may only be imposed for a fourth or fifth degree felony pursuant to R.C. 2929.13(B) if the court finds that at least one of the factors listed in R.C. 2929.13(B)(1) is applicable and, considering the factors set forth in R.C. 2929.12 and the purposes and principles of sentencing set forth in R.C. 2929.11, the court also finds that the offender is not amenable to an available community control sanction. R.C. 2929.13(B). A prison term can be imposed for a felony of the third degree if the court finds that it is appropriate after considering the "purposes and principles of sentencing under section2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(C). A prison sentence is presumed to be appropriate for a first degree felony unless the court finds that both of the factors of R.C. 2929.13(D) exist. A maximum prison term is designed for those "offenders who committed the worst forms of the offense, * * * [and] offenders who pose the greatest likelihood of committing future crimes * * *." R.C. 2929.14(C).
In all three cases, the court stated on the record that it had "* * * considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." The court also found that appellant "* * * is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11." The court found that "* * * pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public * * *" and "that defendant poses the greatest likelihood of recidivism * * *." Finally, the court found that prison terms were "necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses * * *."
At the plea hearing the following facts were admitted. Appellant has a bachelors degree in educational psychology. While she was working for a nonprofit company, The Urban League of Toledo, from October 7, 1998 through December 14, 1998, she used the League's checks and a credit card for her own personal benefit, stealing more than $54,000. She was on probation at the time of the offenses for a felony welfare theft conviction in 1997. In May 1999, appellant failed to appear for her arraignment on charges stemming from these crimes. Again between June 1, 1999 and October 15, 1999, she opened various bank accounts and credit union accounts and then wrote checks on those accounts and cashed them at other institutions knowing that she did not have sufficient funds to cover the checks. She defrauded these institutions of more than $34,000. On November 27, 1999, she was approached by two uniformed police officers while she was in her automobile. At the time, there were outstanding warrants for her arrest. As the officers approached, she drove away. One of the officers jumped on the hood of the car and she ran into a pole. She also struck the three police cruisers which had surrounded her car. Finally, on October 29, 1999, while she was in the work release program, she signed out to make a burglary report and did not return.
We find that the record supports the findings of the trial court and reflects that the court properly considered all the required factors in imposing the sentence. Therefore, appellant's first assignment of error is not well-taken.
In her second assignment of error, appellant contends that the trial court erred when it ordered appellant to pay her court-appointed counsel's fees without first determining that she had the ability to do so. We agree.
R.C. 2941.51(D) provides that a defendant may be ordered to pay for the legal services rendered to him, but only if he has the means to do so. Therefore, we have held that the court must first make an affirmative determination on the record that a defendant has the means to pay some or all of the cost of the legal services. Then the court must enter a separate civil judgment setting the amount to be repaid. State v. Brown
(Nov. 19, 1999), Lucas App. No. L-97-1332, unreported. Since the court in this case did not find that appellant had the ability to pay, it could not order her to pay the cost of the legal services she received.
Appellee argues that this portion of the judgment is an interlocutory order which becomes final when the court enters the civil judgment. We disagree. As we have stated previously, a finding of ability to pay is a prerequisite to ordering that person to pay the cost of the legal services he received. The determination of whether appellant had the ability to pay at the time of trial is a final determination. Whether or not the state ever brings a civil action to collect on that judgment does not alter the finality of the determination. Appellant's second assignment of error is well-taken.
Having found that the trial court did commit error in part, we reverse the judgment of the Lucas County Court of Common Pleas with respect to its order that appellant pay the cost of legal services rendered on her behalf. In all other respects, the judgment is affirmed. Pursuant to App.R. 24, each party is hereby ordered to pay their own court costs incurred on appeal.
Melvin L. Resnick, J.
 Richard W. Knepper, P.J.
 George M. Glasser, J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.